Filed 2/17/16  P. v. Jenkins CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LOUIS JENKINS,<br><br>        Defendant and Appellant. | A143694<br><br>(San Mateo County<br>Super. Ct. No. SC37642) |

Louis Jenkins appeals from a postjudgment order denying his motion for resentencing under Penal Code section 1170.126.  His attorney has filed a brief seeking our independent review of the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) (see *Anders v. California* (1967) 386 U.S. 738), in order to determine whether there is any arguable issue on appeal.  We find no arguable issue and affirm.

## I. FACTS AND PROCEDURAL HISTORY

In 1996, a jury found Jenkins guilty of one count of first degree residential burglary and one count of second degree commercial burglary.  (Pen. Code, §§ 459, 460.)[1]

Jenkins waived a jury trial on his alleged prior convictions and the court found true the allegations of two prior strike convictions (§ 1170.12, subd. (c)(2)), two prior serious felony convictions (§ 667, subd. (a)), and a prior prison term (§ 667.5, subd. (b)).  The court sentenced Jenkins to state prison for a term of 35 years to life on the residential burglary count (25 years to life plus two consecutive five-year enhancements under

---

[1]     All further undesignated statutory references are to the Penal Code.

section 667, subdivision (a)), and imposed a concurrent two-year term on the commercial burglary count.

Jenkins appealed (appeal No. A074789). In 1998, the Court of Appeal affirmed the judgment.

In April 2014, while represented by legal counsel, Jenkins filed a petition for resentencing under section 1170.126, pursuant to the Three Strikes Reform Act of 2012 (Proposition 36, approved by voters on November 6, 2012).

The People opposed the petition, arguing that Jenkins was statutorily ineligible because the conviction for which he received his indeterminate life sentence—residential burglary—is a serious felony within the meaning of section 1192.7, subdivision (c). (See § 1170.126, subd. (e)(1).) Alternatively, the People argued, Jenkins's criminal history and misconduct in prison established that resentencing would pose an unreasonable risk of danger to public safety, and on that basis the court should exercise its discretion not to resentence. (See § 1170.126, subds. (f) & (g).)

The court denied Jenkins's petition in November 2014.

This appeal followed.

## II.  DISCUSSION

Jenkins's appellate counsel represents in the opening brief in this appeal that counsel wrote to Jenkins and advised him of the filing of a *Wende* brief and his opportunity to file a supplemental brief with the court within 30 days after the filing of the *Wende* brief.

On September 30, 2015, Jenkins filed a supplemental brief, which stated: "Petitioner Jenkins motions the Court for 'Supplemental Brief,' in the above entitled case, pursuant ('THREE STRIKES REFORM ACT OF 2012') that he meets, and the state violates the following:  [¶] Article 1 section 7(a) Due process of law states:  [A] person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the law.  [¶] Article 1 section 7(b) Privileges and Immunities states:  A citizen or class of citizens may not be granted privileges or immunities not

granted on the same terms to all citizens (note) [P]rivileges or immunities granted by the legislature may be altered or revoked (note) [T]he people [v]oted[.] Prop 36 is not the legislature. [¶] The California Constitution is being violated by denying petitioner equal protection and Due Process by [*sic*] ineligible for resentencing based on petitioner[']s after the fact of petitioner having it and granting other 3 Strikers to be resentence[d] and not petitioner, based on after the fact of petitioner[']s prior (also) violates the U.S. Constitution[']s 4th, 5th, 6th, 13th, and 14th Amendments based on same facts as the California Constitution. [¶] The 3 Strike Reform Act of 2012[] violated the California Constitution by granting a citizen or class of citizen a privilege[] of being resentencing not as a 3 Strike, but a second strike and imm[u]nities from 3 Strike sentencing, but it[']s not granted to the same terms all citizens based on a citizen being ineligible due to his prior after the fact prior. [¶] Article (4) section (a) states: A statute shall embrace but one subject, which shall be expressed in its title, if a statute embraces a subject not expressed in its title, only the part not expressed is void. [¶] The 3 Strike [R]eform [A]ct of 2012 states: imposing life sentence for dangerous criminal[s] like[] (1) <u>rapists</u> (2) <u>murder[er]s</u> and (3) <u>child molesters</u>. The petitioner is not a rapist[], murder[er] or child molester. [¶] The 3 Strike [R]eform [A]ct of 2012[] does not have in its heading violent or serious crime, <u>only</u> rapists, murder[er]s and child molesters. [¶] (Note) Serious and violent, none serious none violent still was sentence[d] to a 25 year to life sentence, now you[']re giv[ing] them a privilege[] of being a [two-]striker and immunities from 3 Strike sentence and telling petitioner he's <u>ineligible</u>. [¶] (Note) Also SEE 3 Strike [Reform Act] of 2012[] heading: The people enact the Three Strikes Reform Act of 2012 to restore the original intent of California's Three Strikes law—imposing life sentences for dangerous criminals like rapists, murder[er]s and child molesters. [¶] For the above reasons and more petitioner Jenkins motions the Court for 'Supplemental Brief.' "

Jenkins has not established that the court erred in denying his petition for resentencing pursuant to section 1170.126. That section generally limits a third-strike indeterminate life sentence to those whose current offense is a "serious" or "violent" felony, as defined in sections 1192.7, subdivision (c) and 667.5, subdivision (c).

3

(§ 1170.126, subd. (b).)  It also permits inmates serving an indeterminate life sentence to petition the superior court for resentencing if the inmate would not have received an indeterminate life sentence under the terms of the section.  (§ 1170.126, subds. (a) & (b).)  Here, Jenkins received an indeterminate life sentence on his conviction for residential burglary (§ 459), which is burglary of the first degree (§ 460), which is a serious felony under section 1192.7, subdivision (c)(18).  He is not eligible for resentencing.  (§ 1170.126, subd. (e)(1).)  Nor has he established a constitutional violation.

We find no arguable issues on appeal.

There are no legal issues that require further briefing.

## III.  DISPOSITION

The judgment is affirmed.

4

_____

NEEDHAM, J.

We concur.

_____

JONES, P.J.

_____

SIMONS, J.

(A143694)